IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40836
Conference Calendar
_____

DAVID M. NICHOLS,

Plaintiff-Appellant,

versus

INTERNAL REVENUE SERVICE, Commissioner,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1980
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

David M. Nichols, Texas prisoner # 666133, appeals the district court's dismissal of his civil action as frivolous pursuant to 28 U.S.C. § 1915(e). He argues that the district court erred in holding that his action for judicial review of the denial of tax refund requests was barred by the applicable two-year statute of limitations. Nichols' taxes for 1990 were deemed paid on April 15, 1991, and his taxes for 1991 were deemed paid on April 15, 1992. See 26 U.S.C. § 6513(b)(1). A refund claim must be filed with the Internal Revenue Service (IRS) "within 3

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

years from the time the return was filed or 2 years from the time the tax was paid, whichever of the periods expires later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." See 26 U.S.C. § 6511(a). Because he did not timely file tax returns for 1990 and 1991, the applicable limitations period for seeking a refund was two years from the time the tax was paid. See id. He did not file his tax returns/refund requests for the years 1990 and 1991 until September 1995. Therefore, he did not timely file his refund requests with the IRS within the applicable two-year limitations period in 26 U.S.C. § 6511(a)(1).

Nichols' refund request was denied by the IRS on December 4, 1995. Under 26 U.S.C. § 6532(a)(1), Nichols had two years to file a petition for judicial review of the denial of the request. However, Nichols did not file the instant petition until November 16, 1998, after the expiration of the applicable two-year limitations period in 26 U.S.C. § 6532(a)(1). Nichols has not shown that the IRS prevented him in any way from filing his petition for judicial review within the applicable two-year statute of limitations. Therefore, he has not shown that the district court erred in dismissing his action as time-barred.

Nichols' appeal is without arguable merit, and thus, frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, Nichols' appeal is DISMISSED. See 5th Cir. R. 42.2. Nichols is advised that the district court's dismissal of his action and this court's dismissal of his appeal both count as "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba

v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Nichols is also advised that if he accumulates three strikes, he will be barred from bringing a civil action or an appeal proceeding in forma pauperis unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Nichols should review any pending pleadings or appeals to ensure that they do not raise any frivolous claims.

APPEAL DISMISSED; SANCTION WARNING ISSUED.